UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDAN PAUL WAGNER,

    Plaintiff,

v.                                         Case No:  8:24-cv-899-JLB-LSG

MERRICK B. GARLAND, Attorney
General of the United States,

    Defendant.
_____/

## ORDER

Plaintiff Brendan Wagner ("Plaintiff" or "Mr. Wagner") sues Attorney General Merrick Garland ("Defendant") for injunctive and declaratory relief seeking to terminate his registration requirement under the Sex Offender Registration and Notification Act, 34 U.S.C. § 20911 *et seq*. (*See* Doc. 1). Defendant filed a motion to dismiss Plaintiff's complaint. (Doc. 7). Plaintiff responded. (Doc. 9). Upon careful review of Plaintiff's complaint, the parties' briefing, and the entire record, Defendant's motion to dismiss (Doc. 7) is **GRANTED**.

## BACKGROUND

In 2005, Plaintiff pleaded guilty to shipment and receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(1). (Doc. 1 at 1, 5 (citing *United States v. Wagner*, Case No. 8:05-cr-227-RAL-MAP-1 (M.D. Fla.) (the "Criminal Case")). He was sentenced to 87 months' imprisonment, followed by 36 months of supervised release. (*Id*. at ¶ 8 (citation omitted)). As a consequence of his conviction, Plaintiff is required to register under the Sex Offender Registration and Notification Act

("SORNA").[1]  (*Id.* at ¶ 9).

Plaintiff was released from federal prison on March 16, 2012, and his term of supervised release ended on March 16, 2015. (*Id.* at ¶ 16).  On March 22, 2022, Plaintiff then filed a motion in his Criminal Case requesting the sentencing court to terminate his duty to register as a sex offender under federal law because he has maintained a clean record for 10 years following his release from prison.  (*Id.* at ¶ 19; *see also Criminal Case*, Doc. 17).[2]  Specifically, Plaintiff argued that he is a "Tier I" offender under SORNA and that the clean records provision of the statute *mandates* that his time to register should be reduced from 15 years to 10 years.[3] (*Criminal Case*, Doc. 17).  The sentencing court ruled that it lacked jurisdiction to consider his motion.  (*Id.* at ¶ 20; *see also Criminal Case*, Doc. 18).  Plaintiff then filed a motion for reconsideration (*id.* at ¶ 21; *see also Criminal Case*, Doc. 19), and the sentencing court reiterated that it lacked jurisdiction in the Criminal Case

---

[1] SORNA was enacted on July 27, 2006, which occurred after Plaintiff's guilty plea. *See United States v. Madera*, 528 F.3d 852, 854 (11th Cir. 2008).  SORNA is retroactively applied to sex offenders convicted prior to SORNA's enactment.  *Id.* at 857 (citation omitted).

[2] Courts may take judicial notice of documents from a prior proceeding because they are matters of public record and "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

[3] SORNA provides a tiered system for how long a sex offender must register following incarceration.  34 U.S.C. § 20915(a).  A Tier I offender must register for 15 years, a Tier II offender must register for 25 years, and a Tier III offender must register for life.  *Id.*  As SORNA was not enacted until after Plaintiff's plea agreement, his sentencing was silent as to his purported tier under SORNA.  (Doc. 1 at ¶ 15).  In his motion, Plaintiff argued that his conviction was a Tier I offense.  (*Criminal Case*, Doc. 17).

2

because Plaintiff completed his terms of incarceration and supervised release (*id.* at ¶ 22; *see also Criminal Case*, Doc. 20).

Plaintiff then appealed to the Eleventh Circuit. (*Id.* at ¶ 24); *see also United States v. Wagner*, 22-11958, 2023 WL 3092909 (11th Cir. Apr. 26, 2023). The Eleventh Circuit affirmed the district court's determination that it lacked jurisdiction. (*Criminal Case*, Doc. 25); *Wagner*, 2023 WL 3092909 at *4. The Court reasoned that Plaintiff's motion "explicitly sought a modification of the original 2005 judgment in his criminal case. . ." because he sought "to add to his original judgment a determination of his SORNA Tier, the length of time he was required to register, and any possible reductions to said requirement." *Wagner*, 2023 WL 3092909 at *4.

Plaintiff brings this civil action for injunctive and declaratory relief, seeking to terminate his registration period under SORNA. (*See* Doc. 1). Plaintiff advances similar arguments he made in his motion in the Criminal Case, asserting that his duty to register as a sex offender under SORNA should be terminated because (1) he should be classified as a Tier I offender under SORNA and (2) he has complied with the clean records provision of the statute. (*See id.*). Defendant filed a motion to dismiss Plaintiff's complaint. (Doc. 7). Plaintiff responded.[4] (Doc. 9).

---

[4] Plaintiff also provided a supplement in support of his Complaint (Doc. 11), which the Court has reviewed.

## LEGAL STANDARD

Courts must "always address threshold jurisdictional issues first, since [a court] cannot reach questions that [it] never had jurisdiction to entertain." *Leedom Mgmt. Grp., Inc. v. Perlmutter*, 532 F. App'x 893, 895 (11th Cir. 2013) (citing *Boone v. Sec'y, Dep't Of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004)). "Federal courts are of limited jurisdiction," and subject matter jurisdiction must be established before a case can proceed on the merits. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) are either facial or factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quotation omitted). Factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quotation omitted).

"[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim. . . ." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). If a defendant is entitled to sovereign immunity, the case is

4

due to be dismissed for want of subject matter jurisdiction. *See Guevara v. Republic of Peru*, 608 F.3d 1297, 1305 (11th Cir. 2010).

## DISCUSSION

### I.    SORNA does not create a private right of action.

Plaintiff brings a one-count complaint against Defendant for violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1). (Doc. 1 at 7–9). As an initial matter, the Court rejects Plaintiff's argument that SORNA creates a private right of action to challenge the Attorney General's failure to create a procedural mechanism to reduce his SORNA registration term. This Court joins the federal courts holding that SORNA neither creates an expressed nor implied private cause of action. *See, e.g., Maben v. Terhune*, No. 16-1025, 2016 WL 9447153, at *4 (6th Cir. Aug. 19, 2016) ("Because SORNA does not provide a private cause of action, [plaintiff's] allegations concerning alleged violations of [42 U.S.C.] § 16901 failed to state a claim against the defendants.")[5]; *Cogley v. Rhode Island*, No. 1-22-cv00452, 2024 WL 624088, at *8 & n.16 (D. R.I. Feb. 14, 2024) (considering 34 U.S.C. § 20911 and concluding that because SORNA contains no remedies, it indicates no private right of action was created); *Wiggins v. United States*, No. 1:18-cv-03492, 2019 WL 5079557, at *1 (S.D. Ind. Oct. 10, 2019) ("The Court agrees with the Sixth Circuit and the Eastern District of Michigan that SORNA does not create a private cause of action . . . . [T]here is no indication in the statute that Congress had any intention

---

[5] Section 16901 was reclassified as 34 U.S.C. § 20901. *See* 42 U.S.C. § 16901; *see also* 34 U.S.C. § 20901.

5

of creating an implied private cause of action."); *Gilotti v. United States*, No. 21-cv-404, 2023 WL 1767462 at *2 (W.D.N.Y. Feb. 2, 2023) (same); *United States v. Studeny*, No. CR11-0180, 2019 WL 859271 at *2 n.2 (W.D. Wash. Feb. 22, 2019) ("SORNA additionally provides a specific jurisdictional grant to district courts for violations of its registration requirements, but it does not provide district courts with jurisdiction to reduce the registration period."). The Court grants Defendant's motion to dismiss because SORNA does not provide a private right of action and therefore this Court lacks subject matter jurisdiction.

## II.     Sovereign Immunity and Judicial Review of Agency Action.

Even if SORNA somehow created a private right of action, Plaintiff's claim fails because, as the Attorney General properly notes, Congress has not waived the Government's sovereign immunity as to SORNA. (Doc. 7 at 4–7). The Court rejects Plaintiff's argument that Congress waived the United States' sovereign immunity under the APA, which permits judicial review of non-discretionary agency action. (Doc. 9 at 7–9). The Court finds that even if there is a private cause of action, sovereign immunity bars Plaintiff's claim.

"The United States, as sovereign, is immune from suit [unless] it consents to be sued. . . ." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (collecting cases); *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). If there is "no specific waiver of sovereign immunity as to a particular

6

claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Zelaya*, 781 F.3d at 1322; *see F.D.I.C. v. Meyer,* 510 U.S. 471, 475–76 (1994) (holding that the terms of the United States' consent to be sued in any court define a court's jurisdiction to entertain that suit).

Here, SORNA does not contain an express waiver of sovereign immunity. *See generally* 34 U.S.C. § 20901 *et seq*. However, Plaintiff makes a more nuanced argument. Plaintiff argues that sovereign immunity is waived by operation of the APA. (Doc. 9 at 7–9). Specifically, Plaintiff contends that "Congress has explicitly directed the United States Attorney General to interpret and implement SORNA to all sex offenders, which includes the duration of registration requirement." (*Id.* at 9). In short, Plaintiff argues that Congress' directive is non-discretionary, which allows Plaintiff to bring suit under the judicial review waiver of the APA, 5 U.S.C. § 701. (*Id.*). The Court finds this argument unpersuasive.

The APA establishes a "basic presumption of judicial review [for] one 'suffering legal wrong because of agency action.'" *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1905 (2020) (citation omitted and quoting 5 U.S.C. § 701). "That presumption can be rebutted by a showing that the relevant statute 'preclude[s]' review, § 701(a)(1), or that the 'agency action is committed to agency discretion by law,' § 701(a)(2)." *Id.* The U.S. Supreme Court has interpreted Section 701(a)(2) very narrowly. *Id.* (citing *Weyerhaeuser Co.* v. *United States Fish and Wildlife Serv.*, 139 S.Ct. 361, 370 (2018)). Specifically, the exception to review is confined to those rare "administrative decision[s] traditionally left to agency

7

discretion. . . ." *Id.* (citing *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993)).

"The determination of whether the discretionary function exception bars a suit against the Government" is guided by a two-prong test established in *Berkovitz v. United States*, 486 U.S. 531, 536 (1988).  First, the court considers whether the action was "a matter of choice for the acting employee." *Id.* at 536.  Put another way, the employees' "conduct cannot be discretionary unless it involves an element of judgment or choice." *Id.* (citation omitted).  The exception will not apply "when a federal statute, regulation, or policy specifically prescribes a course of action for the employee to follow." *Id.*  Second, if the decision involves an element of choice for the acting employee, "a court must determine whether that judgment is the kind of judgment that the discretionary function exception was designed to shield." *Id.* "The basis for the discretionary function exception was Congress' desire to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Berkovitz*, 486 U.S. at 536 (quoting *United States v. Varig Airlines,* 467 U.S. 797, 808 (1984) (internal quotations altered)).  "[T]he discretionary function exception insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." *Id.*  "Where there is room for policy judgment and decision[,] there is discretion." *Dalehite v. United States*, 346 U.S. 15, 36 (1953).

As to the first *Berkovitz* factor—which considers whether Defendant's actions were discretionary—no language in SORNA *mandates* Defendant's action to reduce

8

Plaintiff's registration requirement or even require a procedure to reduce a registration in the first instance. *See* 34 U.S.C. § 20901 *et seq*. This is supported by the Supreme Court's holding and reasoning in *Reynolds v. United States*, 565 U.S. 432 (2012). There, the Supreme Court analyzed a SORNA provision, which states that "*[t]he Attorney General shall have the authority to specify the applicability of the [registration] requirements* . . . to sex offenders convicted before the enactment of this chapter. . . ." *Id*. at 435 (emphasis in original). The Supreme Court interpreted this language and held that SORNA's "registration requirements do not apply to pre-Act offenders until the Attorney General so specifies." *Id*. at 445. This indicates that SORNA's language is permissive. And, because SORNA lacks the requisite mandatory language, Defendant's actions are discretionary. *See Berkovitz*, 486 U.S. at 536. Accordingly, this Court finds that Defendant's actions are discretionary under the APA.

Turning to the second *Berkovitz* factor—whether the discretionary function involves a permissible exercise of policy judgment—the Court finds that this element is also satisfied. "[W]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *United States v. Gaubert*, 499 U.S. 315, 324 (1991). "For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy. . . ." *Id*. at 324–25. Further the "focus of

9

the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 325. Here, Plaintiff advances no argument to show that Defendant's exercise of discretion was not grounded in a policy judgment. As such, the Court finds that it is presumed that Defendant's actions are grounded in policy and, where there is policy, there is discretion. *See Dalehite*, 346 U.S. 15 at 36.

### III. Plaintiff's Supplemental Authority.

Lastly, Plaintiff filed a notice of supplemental authority in support of his position that SORNA mandates this Court to reduce his registration requirement. (Doc. 11 (citing *United States v. Cordero*, Case No. 8:12-cr-501 (M.D. Fla. Nov. 22, 2024)). Even if SORNA created a private right of action and even if sovereign immunity was waived by operation of the APA, Plaintiff's argument fails. Plaintiff overlooks that the defendant in *Cordero* was classified as a Tier I offender in his *original judgment.* (*Cordero*, Docs. 17, 51). Unlike *Cordero*, Plaintiff's request would require this Court to modify the original judgment entered against Plaintiff in his underlying Criminal Case. This Court cannot do so. *See Wagner*, 2023 WL 3092909 at *4 (finding that Plaintiff could not "add to his original judgment a determination of his SORNA Tier, the length of time he was required to register, and any possible reductions to said requirement."). Because there is no private right of action, waiver of sovereign immunity as to SORNA itself or by operation of the APA, and because the Court cannot modify Plaintiff's original judgment in his

10

Criminal Case, the Court is compelled to grant Defendant's motion to dismiss.[6]

## CONCLUSION

For the reasons above, it is **ORDERED**:

(1)   Defendant's motion to dismiss (Doc. 7) is **GRANTED**.

(2)   This case is **DISMISSED** without prejudice.

(3)   The Clerk is **DIRECTED** to terminate any pending deadlines and close the file.

**ORDERED** in Tampa, Florida, on December 16, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[6] That said, the Court acknowledges that although the Attorney General specified that SORNA's registration requirements were retroactively applied to sex offenders who, like Plaintiff, were convicted and sentenced before SORNA's enactment, the Attorney General has not, in his discretion, set up a proactive mechanism for Plaintiff's to seek a "clean record" statutory reduction for Tier I offenders from a 15 year registration period to a 10-year registration period. Although the Court makes no factual finding that Plaintiff is indeed a Tier I offender eligible for a five-year reduction, it notes that a challenge to the applicability of SORNA's registration requirements would become ripe should the United States bring a new criminal charge for violating SORNA's registration requirements. In other words, the Court would then have jurisdiction to entertain any argument relating to SORNA's registration requirements to Plaintiff after taking evidence in that new criminal case. But the Court recognizes that this mechanism would first necessitate a potential violation of SORNA's registration requirements and a new criminal case, which creates a Hobbesian choice of sorts.

11